1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PHILLIP MCCAIN,

11            Plaintiff,                No. CIV S-05-2429 DFL JFM PS

12       vs.

13   COMMISSIONER, JOAN BERNHART,
     ET AL.,
14

15            Defendants.            ORDER

16   _____/

17            Plaintiff is proceeding in this action pro se and in forma pauperis, pursuant to 42

18   U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 72-302(c)(21).  By

19   order filed April 7, 2006, plaintiff's complaint was dismissed and plaintiff was granted thirty

20   days in which to file an amended complaint.  On April 25, 2006, plaintiff filed a second amended

21   complaint.

22            As the undersigned previously advised plaintiff, the in forma pauperis statute

23   authorizes the court to dismiss a case if the court determines the allegation of poverty is untrue,

24   or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or

25   seeks monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  A claim is legally

26   frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S.

1

1   319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this

2   standard, a court shall dismiss a claim as frivolous where it is based on an indisputably meritless

3   legal theory or where the factual contentions are clearly baseless.  <u>See</u> <u>Neitzke</u>, 490 U.S. at 327;

4   <u>see</u> <u>also</u> 28 U.S.C. § 1915(e).

5           A complaint, or portion thereof, should only be dismissed for failure to state a

6   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

7   of facts in support of the claim or claims that would entitle him to relief.  <u>Hishon v. King &</u>

8   <u>Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer</u>

9   <u>v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

10  complaint under this standard, the court must accept as true the allegations of the complaint in

11  question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the

12  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

13  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

14          Plaintiff names the following persons as defendants:  Joanna Bernhart of Fall

15  Church, Virginia, who is allegedly a Commissioner;[1] Kenneth G. Peterson, administrative law

16  judge, who is presently the Presiding Judge over Sacramento County Juvenile Court;[2] Mary Britt,

17  Child Protective Services Supervisor; Cindy Allen, Child Protective Services Supervisor of

18  Arkansas; Nancy Kemp, Supervisor over the Administrator of DHHS; Soka Om; attorney Scott

19  Starr; and Social Worker Richard Franco.

20          It appears plaintiff may be attempting to challenge certain court rulings made by

21  the Sacramento County Superior Court.[3]  The Sacramento County Superior Court website[4]

22

23      [1]  It is not clear, but it may be that plaintiff intended to name Jo Anne B. Barnhart,
    Commissioner of Social Security.

24

25      [2]  http://www.saccourt.com/geninfo/overview/judicial.asp

26      [3]  A court may take judicial notice of court records.  <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>,
    803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

        [4]  https://services.saccourt.com/indexsearchnew/

reflects three separate cases brought by plaintiff:

1. Civil Case No. 04AS0311, filed August 2, 2004, against Mary Britt, Child Protective Services, Martin Kelly, Soka Om, Sacramento County DHHS and James R. Woods.

2. Civil Case No. 04AS02738, filed July 8, 2004, against Soka Om, Sacramento County DHHS Child Protective Services and James R. Wood.

3. Probate Case No. 04PRO1263, filed August 26, 2004, regarding the guardianship of Gavyelle McCain; Phillip McCain is listed as "Gdn of Pers," which presumably means guardian of the person.

Plaintiff also makes reference to a ruling by the Ninth Circuit Court of Appeals. (Pl.'s July 7, 2006 Affidavit at 4.)  A review of that court's cases reflects cases brought by plaintiff's wife, Lizzie McCain:

1. Civil Case No. 05-16494, McCain v. Sacramento County, appealing the district court's decision in CIV S-05-0045 WBS.  On March 10, 2006, all pending motions were denied as moot and the district court's decision was "affirmed (terminated on the merits after submission without oral hearing.")  The docket for this case also reflected a motion to consolidate with civil case CIV S-05-0252 DFL DAD PS.

2. Civil Case No. 05-16980, McCain v. Board of Supervisor, appealing the district court's decision in CIV S-05-0429 MCE.  Appellate case was dismissed for failure to file an opening brief.

A review of the other cases filed in the Eastern District of California reveals the following.

1. Civil Case No. S-05-0045 WBS DAD PS.  In this case, Lizzie McCain sued all of the defendants named in the instant action, in addition to a few others.  After twice amending her complaint, Ms. McCain failed to appear at a hearing on the motion to dismiss her second amended complaint.  The court found Ms. McCain's second amended complaint suffered from

/////

1  the same deficiencies as her original complaint and was dismissed without further leave to

2  amend.  (June 27, 2005 order adopting May 26, 2005 findings and recommendations.)

3          2.  Civil Case No. S-05-0252 DFL DAD.  In this case, Lizzie McCain was

4  pursuing a housing discrimination action unrelated to the instant action.

5          3.  Civil Case No. S-05-0429 MCE PAN PS.  In this case, Gabrieal McCain sued

6  all of the defendants named in the instant action, in addition to a few others.  The court construed

7  Gabrieal's complaint as "seeking review of a state court decision removing plaintiff's daughter

8  from her custody."  (April 28, 2005 Findings and Recommendations at 2.)  Because resolution of

9  child custody issues lies only under state law, plaintiff's action was dismissed for lack of subject

10  matter jurisdiction.  (Id., adopted by June 7, 2005 order.)

11          Plaintiff includes in the text of his complaint a sentence that reads:  "Additional

12  defendants Circuit Hempstead County Hope, Arkansas to juvenile court and to the juvenile judge

13  Phillip Purifoy and Al Graves Attorney for Edgia N. Madison was present along with the

14  defendant was to sentence and sentence date:  October 30, 1983 and sentence under Act 378 of

15  1975 Arkansas Statute 43-2339-43-2349-43-2 07, 46-101."  (Second Amended Complaint at 3.)

16  It is not clear whether plaintiff intended to name the juvenile court, Judge Purifoy and Al Graves

17  as defendants herein, or whether he was simply referring to them as witnesses to the 1983

18  proceeding.

19          Plaintiff's second amended complaint suffers from many of the same defects as

20  the initial complaint.  The second amended complaint, like the amended complaint, alleges no

21  discernible claim for relief.  The second amended complaint only generally mentions defendants

22  and their titles.  The second amended complaint attributes no particular conduct to each

23  defendant.  Thus, like the amended complaint, the second amended complaint's allegations do

24  not amount to a short plain statement of a claim showing that plaintiff is entitled to relief.  See

25  Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint

26  must give fair notice and state the elements of the claim plainly and succinctly.  Jones v.

1   _Community Redev. Agency_, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff's second amended

2   complaint is deficient in this regard.

3          The second amended complaint also does not set forth any factual allegations

4   giving rise to federal jurisdiction.  See Fed. R. Civ. P. 8(a)(1).  The brief and conclusory

5   references to fraud and Social Security are insufficient in this regard.  (Second Am. Compl. at 3.)

6          Moreover, the second amended complaint contains no clear prayer for relief.  See

7   Fed. R. Civ. P. 8(a)(3).  Thus, the court is unable to ascertain what plaintiff seeks to accomplish

8   with this action.

9          Plaintiff names at least one judge as a defendant.  Plaintiff is advised that at least

10  with respect to any federal civil rights claim, a judge is likely immune from suit.  See Pierson v.

11  Ray, 386 U.S. 547 (1967)(holding that judges acting within the course and scope of their judicial

12  duties are absolutely immune from liability for damages under 42 U.S.C. § 1983.)

13         The affidavit plaintiff filed in support of his second amended complaint vaguely

14  alludes to a series of events involving plaintiff, his daughter, juvenile court, long term foster care,

15  Child Protective Services, and an attorney.  (July 7, 2006 Affidavit.)  To the extent  plaintiff is

16  attempting to challenge a state court child custody order, this court would almost certainly lack

17  jurisdiction.  See Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (holding that domestic

18  relations exception to federal jurisdiction "divests the federal courts of power to issue divorce,

19  alimony, and child custody decrees").

20         In addition, any attempt to challenge a state court ruling would also fail.  A

21  litigant may not relitigate in federal court those issues decided by a state court.  "[I]ssues actually

22  litigated in a state-court proceeding are entitled to the same preclusive effect in a subsequent

23  federal § 1983 suit as they enjoy in the courts of the State where the judgment was rendered."

24  Migra v. Warren City Sch. Dist. Bd. Of Ed., 465 U.S. 75, 83 (1984).  Thus, this court lacks

25  jurisdiction to engage in appellate review of a state court judgment, even though the judgment

26  may erroneously decide constitutional or federal law issues.  Texaco, Inc. v. Pennzoil Co., 784

1  F.2d 1133, 1141 (2nd Cir 1196), rev'd on other grounds, 481 U.S. 1 (1987).  "If the constitutional

2  claims presented to a United States District Court are inextricably intertwined" with the merits of

3  a judgment rendered in a state court proceeding, "then the District Court is in essence being

4  called upon to review the state court decision.  This the District court may not do." District of

5  Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n.16 (1983).

6            Accordingly, the court will dismiss plaintiff's second amended complaint.

7  Because it is not clear beyond doubt that plaintiff can prove no set of facts in support of the claim

8  or claims that would entitle him to relief, the court will grant plaintiff one final opportunity to

9  amend.  However, plaintiff is cautioned that the failure to timely file a third amended complaint

10  that complies with this order and the court's February 7, 2006 order will result in a

11  recommendation that this action be dismissed.

12            In accordance with the above, IT IS HEREBY ORDERED that:

13            1.  Plaintiff's April 25, 2006 second amended complaint is dismissed.

14            2.  Plaintiff is granted thirty days from the date of service of this order to file a

15  third amended complaint that complies with this court's February 7, 2006 order, the requirements

16  of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended

17  complaint must bear the docket number assigned this case and must be labeled "Third Amended

18  Complaint"; plaintiff must file an original and two copies of the third amended complaint; failure

19  to file a third amended complaint in accordance with this order will result in a recommendation

20  that this action be dismissed.

21  DATED: August 29, 2006.

22

23

UNITED STATES MAGISTRATE JUDGE

24

25  001; mccain.lta3

26