1

2

3

4

5                          IN THE UNITED STATES DISTRICT COURT

6                          FOR THE EASTERN DISTRICT OF CALIFORNIA

7    PHILLIP MCCAIN,

8             Plaintiff,                              No. CIV S-05-2429 DFL JFM PS

9             vs.

10   SACRAMENTO COUNTY, ARKANSAS
     DEPARTMENT OF HUMAN SERVICES,
11   ET AL.,

12            Defendants.                     ORDER

13   _____/

14            Plaintiff is proceeding in this action pro se and in forma pauperis.  On September

15   28, 2006, plaintiff filed a document entitled "Plaintiff Contesting and Objection to Defendants

16   Made at Trial Welf Hearing Against the Defendants and Their Attorneys."  (Docket No. 27.)  On

17   October 16, 2006, plaintiff filed a document entitled "Appellants and Defendants Additur and

18   Objection Against D,H,H,S. and Plaintiff and Respondents Remittitur."  (Docket No. 30.)  It

19   appears plaintiff is attempting to file objections to or an appeal from a state court order.  "The

20   appeal court procl[a]imed to be finalizing a hearing."  (October 16, 2006 filing at 2.)

21            On November 3, 2006, plaintiff filed a document alleging that a social worker has

22   now forbidden him from visiting his granddaughter, Luna Cox McCain.

23            Plaintiff is advised that a litigant may not relitigate in federal court those issues

24   decided by a state court.  "[I]ssues actually litigated in a state-court proceeding are entitled to the

25   same preclusive effect in a subsequent federal § 1983 suit as they enjoy in the courts of the State

26   where the judgment was rendered."  Migra v. Warren City Sch. Dist. Bd. Of Ed., 465 U.S. 75, 83

1  (1984).  Thus, this court lacks jurisdiction to engage in appellate review of a state court

2  judgment, even though the judgment may erroneously decide constitutional or federal law issues.

3  Texaco, Inc. v. Pennzoil Co., 784 F.2d 1133, 1141 (2nd Cir 1196), rev'd on other grounds, 481

4  U.S. 1 (1987).  "If the constitutional claims presented to a United States District Court are

5  inextricably intertwined" with the merits of a judgment rendered in a state court proceeding,

6  "then the District Court is in essence being called upon to review the state court decision.  This

7  the District court may not do." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462,

8  483 n.16 (1983).

9       It appears plaintiff may be attempting to seek custody of or visitation with his

10  grandchildren.  District courts will abstain from adjudicating domestic relations cases.  See

11  Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir.1983) (per curiam).  Even if the case raised

12  constitutional issues, abstention is proper if the case, at its core, is a domestic relations or child

13  custody dispute.  See Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987)(In this circuit, federal

14  courts refuse jurisdiction if the primary issue concerns child custody issues.)  Plaintiff may

15  pursue his constitutional claims in state court.  See Coats, 819 F.2d at 237 ("[i]f the constitutional

16  claims in the case have independent merit, the state courts are competent to hear them");

17  Peterson, 708 F.2d at 466.

18       In accordance with the above, IT IS HEREBY ORDERED that plaintiff's

19  September 28, 2006, October 16, 2006 and November 3, 2006 filings will be placed in the court

20  file and disregarded.

21  DATED:  November 29, 2006.

22

23                                    UNITED STATES MAGISTRATE JUDGE

24

25  001; mccain.cuo

26