IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MR. PHILLIP MCCAIN, SR.,

    Plaintiff,                        No. CIV S-05-2429 DFL JFM PS

    vs.

COMMISSIONER JOANNA B. BERNHART, et al.,

    Defendants.                <u>FINDINGS AND RECOMMENDATIONS</u>

/

        Plaintiff is proceeding in this action pro se and in forma pauperis, pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302(c)(21). By order filed August 30, 2006, plaintiff's second amended complaint was dismissed and plaintiff was granted thirty days in which to file a third amended complaint. On September 13, 2006, plaintiff filed a third amended complaint.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

1  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,
5  490 U.S. at 327.

6  A complaint, or portion thereof, should only be dismissed for failure to state a
7  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8  of facts in support of the claim or claims that would entitle him to relief.  <u>Hishon v. King &</u>
9  <u>Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer</u>
10 <u>v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
11 complaint under this standard, the court must accept as true the allegations of the complaint in
12 question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the
13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
14 <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

15 Plaintiff has been given three opportunities to file an amended complaint that
16 demonstrates federal jurisdiction is appropriate.  This court lacks subject matter jurisdiction
17 under the <u>Rooker-Feldman</u> doctrine.

18 A federal district court does not have jurisdiction to review errors in state court
19 decisions in civil cases.  <u>Dist. of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476
20 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415 (1923).  "The district court lacks subject
21 matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the
22 state court's application of various rules and procedures pertaining to the state case."  <u>Samuel v.</u>
23 <u>Michaud</u>, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), <u>aff'd</u>, 129 F.3d 127 (9th Cir. 1997).  See
24 also <u>Branson v. Nott</u>, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction
25 over section 1983 claim seeking, <u>inter alia</u>, implicit reversal of state trial court action);
26 <u>MacKay v. Pfeil</u>, 827 F.2d 540, 544-45 (9th Cir. 1987) (attacking state court judgment because

substantive defense improper under Rooker-Feldman). That the federal district court action alleges the state court's action was unconstitutional does not change the rule. Feldman, 460 U.S. at 486. Moreover, claims raised in federal district court need not have been argued in the state judicial proceedings to be barred by the Rooker-Feldman doctrine. Id. at 483-84 & n.16. If federal claims are "inextricably intertwined" with a state court judgment, the federal court may not hear them. Id. "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring). In sum, "a state court's application of its rules and procedures is unreviewable by a federal district court. The federal district court only has jurisdiction to hear general challenges to state rules or claims that are based on the investigation of a new case arising upon new facts." Samuel, 980 F. Supp. at 1412-13.

        The instant action arises out of a civil action filed in state court concerning child custody of a minor, Gavyelle McCain, born August 7, 2001.[1] The state court action was based on dependency proceedings undertaken to determine whether Gavyelle McCain should remain with her biological mother, Gabrieal McCain. (See footnote 1.) It appears that the minor child was removed from the mother's custody and placed into foster care. (Id., 3rd AC at 3.) In the instant case, plaintiff Phillip McCain, Sr., appears to challenge an order from those state court proceedings requiring him to "offset [his] fund to pay child support for [his] granddaughter, Gavyelle McCain." (3rd AC at 2.) Plaintiff appears to contend that the state court erroneously found Phillip McCain, Sr. was the father of Gavyelle McCain, rather than plaintiff's son, Phillip McCain, Jr. (3rd AC at 2.) Plaintiff states he requested a hearing on October 7, 2005 from the

---

[1] See In re Gavyelle McCain, Docket No. 03313984, Sacramento County Superior Court of California, Sitting as the Juvenile Court. (Minute order appended to March 3, 2005 Declaration of Gabrieal McCain, at 12, filed in McCain v. Board of Supervisors, CIV S-05-0429 MCE PAN PS.) A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Office of Hearings and Appeals, which was granted, and he was informed that if he was not the biological father, he should take a DNA test. (Id.) Plaintiff states he has taken the DNA test, which proves he is not the father of Gavyelle McCain. (Id.) However, plaintiff does not state he has provided the DNA test results to the state court who initially issued the support order or to the Social Security Office of Hearings and Appeals.

At bottom, this action is one for federal court review of state court proceedings. The court finds the instant action amounts to an attempt to litigate in federal court matters that are inextricably intertwined with state court decisions. Thus, this action should be dismissed for lack of subject matter jurisdiction under Rooker-Feldman.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 29, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

001; mccain.fr