IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MR. PHILLIP McCAIN, SR.,

            Plaintiff,

      vs.

MICHAEL J. ASTRUE,[1] *et al.*,

            Defendants.

No. 2:05-cv-02429-JKS-JFM

ORDER

Plaintiff, Philip McCain, Sr., proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

On November 29, 2006, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days.  Plaintiff has filed objections to the Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Distilled to its essential elements, Plaintiff's complaint is that the state wrongfully determined that he was the biological father of Gavyelle McCain.  His complaint, insofar as it involves the Social Security Administration ("SSA"), is that it is complying with an order offsetting the costs of foster care from social security benefits Plaintiff is receiving.  Plaintiff's

---

[1] Michael J. Astrue substituted for Joanna B. Barnhardt as Commissioner of the Social Security Administration.  Fed. R. Civ. P. 17(d).

objections to the Findings and Recommendations, like his complaint, tend to ramble disjointedly and are somewhat incoherent.  His principal objection, insofar as it is directed towards the Findings and Recommendations, appears to be that a DNA test Plaintiff contends would confirm he was not the biological father of Gavyelle was performed in July 2006, but that the State Social Worker had not as of the date of his objection, December 8, 2006, provided him or, presumably, the state court, with the results.

Plaintiff, despite being accorded two opportunities to do so, has failed to file a complaint alleging a federal cause of action sufficient to establish subject matter jurisdiction.  Plaintiff alleges no wrongdoing on the part of the SSA—it is simply honoring in accordance with federal law a facially valid order of a state court—nothing more, nothing less.   He has alleged no civil rights violation, only that the state proceedings incorrectly found against him on the paternity issue.  Properly construed, Plaintiff's action is a *de facto* appeal from the state court action.  The *Rooker-Feldman* doctrine,[2] which precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments, applies to those cases in which a state court loser is complaining of injuries caused by state court judgments rendered before the federal proceeding was commenced.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In this case it is clear that this Court can grant relief only if the decision of the California state court is determined to be invalid, a determination that this Court lacks jurisdiction to make. Plaintiff's remedy, if any he has, lies within the California judicial system, not the federal courts.

Accordingly, IT IS HEREBY ORDERED THAT:

1.      The Findings and Recommendations filed November 29, 2006, are adopted in full;

2.      The Complaint is DISMISSED, without prejudice, for lack of subject matter jurisdiction; and

3.      The Clerk of the Court to enter final judgment accordingly.

Dated:  March 19, 2008.

s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[2] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).